# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-00104-TWP-MPB |
| | ) | |
| GLENMARK GENERICS INC., USA, | ) | |
| GLENMARK PHARMACEUTICALS LTD., | ) | |
| GLENMARK GENERICS LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR ENTRY OF JUDGMENT

This matter is before the Court on a Motion for Entry of Judgment filed by Plaintiff Eli Lilly and Company ("Lilly"). (Filing No. 38.) For the following reasons, the Court **grants** Lilly's Motion.

## I. BACKGROUND

On August 10, 2010, U.S. Patent No. 7,772,209 ("Patent '209") was issued to Lilly. Patent '209 covers the method of administering ALIMTA®—an anti-cancer drug that requires physicians to co-administer the drug with folic acid and vitamin $B_{12}$ to reduce the incidence of patient toxicity caused by ALIMTA®. This case arises out of the filing by Defendants Glenmark Generics, Inc., Glenmark Pharmaceuticals, LTD, and Glenmark Generics, LTD (collectively, "Glenmark"), of Abbreviated New Drug Applications ("ANDAs") with the United States Food and Drug Administration ("FDA") seeking approval to manufacture and sell generic versions of ALIMTA®. On March 17, 2014, Lilly filed an Amended patent infringement Complaint against Glenmark.

Prior to filing the Amended Complaint against Glenmark, on October 29, 2010, Lilly filed a similar patent infringement action against Teva Parenteral Medicines Inc. ("Teva"), among other

generic drug manufacturers. On April 9, 2014, in light of the pending action against Teva and to conserve judicial resources, Lilly and Glenmark filed a Joint Motion to Stay and agreed to be bound by the outcome of the Teva litigation. ([Filing No. 34](#).) On April 10, 2014, the Court granted the parties' motion. ([Filing No. 35](#).)

The following year, on August 25, 2015, the Court entered final judgment in favor of Lilly and against Teva. *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 126 F. Supp. 3d 1037 (S.D. Ind. 2015), *aff'd,* 845 F.3d 1357 (Fed. Cir. 2017). The Court found that the Teva "Defendants' ANDA Products indirectly infringe the Asserted Claims of [Patent '209]." *Id.* at 1043. The Court then entered final judgment:

> Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the pemetrexed product that is the subject of ANDA Nos. 90-352, 90-674, 90-384, and 91-111 SHALL NOT BE a date earlier than the latest date of expiration of Plaintiff, Eli Lilly and Company's United States Patent No. 7,772,209.

Case No. 1:10-cv-1373-TWP-DKL, ECF 420. On January 12, 2017, the United States Court of Appeals for the Federal Circuit entered judgment affirming this Court's decision. *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357 (Fed. Cir. 2017). The parties in *Teva* did not file a petition for writ of certiorari to the Supreme Court of the United States.

Thereafter, Glenmark declined to agree to a final judgment similar to the judgment in *Teva* and, on May 5, 2017, Lilly filed a Motion for Entry of Judgment against Glenmark, in accordance with *Teva*. ([Filing No. 38](#)).

## II.   DISCUSSION

In response to Lilly's motion, Glenmark argues entry of final judgment is premature. In the alternative, Glenmark asks the Court to enter its proposed form of final judgment, rather than Lilly's.

**A.   Lilly's Motion for Entry of Final Judgment is not premature.**

In their joint request to stay litigation and be bound by *Teva*, Lilly and Glenmark agreed:

> Following the conclusion of all appeals (and any proceedings on remand and appeals therefrom), final judgment will be entered in the Glenmark Action *in accordance with the Final Judgment of the Teva*/APP Litigation.  That is, if Final Judgment, after all appeals, is entered in Lilly's favor in the Teva/APP Litigation, then final judgment shall be entered for Lilly and against Glenmark in the Glenmark Action.

([Filing No. 34 at 3](#)) (emphasis added).  The Court ordered: "[w]ithin 60 days following the final disposition of the Teva/APP Litigation, the parties…confer, prepare, and file jointly a proposed final judgment order, or, if appropriate, a status report, in conformance with the agreements set forth in their Joint Motion."  ([Filing No. 35 at 2](#).)

Glenmark argues that Lilly's Motion for Entry of Judgment is premature because, at the time Lilly filed its request, the sixty-day allowance to file a proposed joint motion for final judgment had not expired.  In reply, Lilly contends that the sixty-day deadline anticipated the parties would confer and jointly agree about the terms of the proposed final judgment; however, it became apparent during its meeting with Glenmark that the parties would not agree on a joint form of judgment.  The Court **denies as moot** Glenmark's argument because the sixty-day deadline to meet, confer and propose a joint motion for entry of judgment expired June 12, 2017—well before the date of this Entry.  Accordingly, entry of final judgment in favor of Lilly is not premature.

Glenmark also asks the Court to delay entry of final judgment because, during the pendency of the *Teva* appeal, Glenmark filed petitions to the Patent Trial and Appeal Board ("PTAB") seeking *inter partes* review ("IPR") of Patent '209.  Glenmark contends that PTAB granted the petition, and found "there is a reasonable likelihood that [Glenmark] would prevail in demonstrating unpatentability of claims 1-22" of Patent '209.  ([Filing No. 41 at 5](#).)  Glenmark also filed a motion to join other IPRs initiated by Neptune Generics, LLC and Sandoz Inc. involving

Patent '209. These petitions were granted and the PTAB's statutory deadline to issue a final decision on Patent '209's validity was mid-June 2017. *Id.* at 4-5. Glenmark argues, because the PTAB may find Patent '209 invalid due to the lower evidentiary standard, final judgment is premature.

The Court again **denies as moot** Glenmark's request because PTAB's deadline to enter a written decision expired. There is no evidence before the Court that Patent '209 is invalid. Additionally, even if the PTAB ruled that Patent '209 was invalid, the IPR proceedings have no bearing on the outcome of this dispute. Glenmark and Lilly entered into an agreement that "if Final Judgment, after all appeals, is entered in Lilly's favor in the Teva [] Litigation, then final judgment shall be entered for Lilly and against Glenmark..." ([Filing No. 34 at 3](#)). This Court found Patent '209 valid and, similar to Teva, Glenmark infringed upon the patent. Accordingly, because the Court of Appeals affirmed the Court's ruling regarding the validity of Patent '209 and the parties in *Teva* did not seek writ of certiorari with the United States Supreme Court, Lilly is entitled to entry of final judgment.

**B.**     **The Court declines to enter Glenmark's proposed final judgment form.**

In the alternative, Glenmark asks the Court to enter its proposed form of final judgment, rather than an entry of judgment similar to that against Teva. Glenmark essentially seeks to include two additional provisions concerning: 1) the approval date of Glenmark's product; and 2) the status of Glenmark's paragraph IV certification.

**1.**     **Approval Date**

Lilly asks the Court to enter final judgment stating:

[p]ursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of any product that is the subject of ANDA No. 203774 shall be not earlier than the latest date of expiration of [Patent '209], including any period of pediatric exclusivity.

([Filing No. 39-1](#)).  On the other hand, unlike Lilly's proposed final judgment, Glenmark requests the  effective  approval  date  to  be  the  earlier  of:

a. the expiration of [Patent '209], including any period of pediatric exclusivity;
b. the  issuance  of  a  mandate  by  the  U.S.  Court  of  Appeals  for  the  Federal Circuit  ruling  that  all  the  asserted  claims  of  [Patent  '209]  are  invalid  in  any appeal  from  a  decision  of  the  U.S.  Patent  and  Trademark  Office  concerning the validity of the asserted claims of [Patent '209];
c. the  issuance  of  a  mandate  by  the  U.S.  Court  of  Appeals  for  the  Federal Circuit  ruling  that  all  the  asserted  claims  of  [Patent  '209]  are  invalid  in  any appeal  from  a  decision  of  a  district  court  concerning  the  validity  of  the  asserted claims of [Patent '209];
d. in the event that the asserted claims of [Patent '209] patent are invalidated in a final  written  decision  in  the  United  States  Patent  and  Trademark  Office  and no appeal has been filed, the expiration of the deadline to appeal; or
e. in the event that the asserted claims of [Patent '209] are invalidated in a district court  decision  and  no  appeal  has  been  filed,  the  expiration  of  the  deadline  to appeal.

([Filing No. 41-1](#)).  Lilly  contends  that  this  provision  must  be  rejected  because  it  is  not  in accordance with the holding in *Teva*.  The Court agrees.

Glenmark's  provision  differs  materially  from  the  *Teva*  judgment  because  it  enables Glenmark to seek approval sooner than the expiration of Patent '209.  In *Teva*, the Court found— and the Court of Appeals affirmed—that Patent '209 is valid.  The Court barred defendants from launching their generic products before the expiration of Patent '209 because defendants would induce infringement of Patent '209.  *See Teva*, 126 F. Supp. 3d 1037; *Teva*, 845 F.3d 1357. Accordingly, because Glenmark agreed to be bound by the holding in *Teva*, the Court **denies** Glenmark's request with respect to this provision.

### 2.    **Glenmark's Paragraph IV Certification**

Glenmark also proposes that the final judgment states:

*Glenmark is permitted to maintain its current paragraph IV certification* pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to [Patent '209] pending the exhaustion of all possible appeals of any actions concerning the validity of [Patent '209] before the United  States  Patent  and  Trademark  Office  (including  inter  partes  review

proceedings IPR2016-01429, IPR2016- 00318 IPR2016-00237, IPR2016-00240, IPR2016-01190 and IPR2016-01191) or before any district court, and any recertification to [Patent '209] shall not give rise to any statutory stays or delay in Glenmark's approval.

([Filing No. 41-1](Filing No. 41-1)) (emphasis added).  In reply, Lilly argues that this proposed provision contravenes FDA regulations. *See* 21 C.F.R. § 314.94.

> *After finding of infringement. An applicant who has submitted a paragraph IV certification and is sued for patent infringement must submit an amendment to change its certification if a court enters a final decision from which no appeal has been or can be taken....* In its amendment, the applicant must certify under paragraph (a)(12)(i)(A)(3) of this section that the patent will expire on a specific date or, with respect to a patent claiming a method of use, the applicant may instead provide a statement under paragraph (a)(12)(iii) of this section if the applicant amends its ANDA such that the applicant is no longer seeking approval for a method of use claimed by the patent. *Once an amendment for the change has been submitted, the ANDA will no longer be considered to contain a paragraph IV certification to the patent…*

*Id.* (emphasis added).

The Court previously found Patent '209 valid and entry of judgment against Glenmark proper.  Accordingly, because federal regulations require Glenmark to amend its certification—which results in a loss of paragraph IV certification to Patent '209—the Court **denies** Glenmark's request on this issue.  *See id*. ("Once an amendment…has been submitted, the ANDA will no longer be considered to contain a paragraph IV certification to the patent.")

### III.    <u>CONCLUSION</u>

For the reasons mentioned above, the Court **GRANTS** Lilly's Motion for Entry of Judgment. ([Filing No. 38](Filing No. 38).)  The Court specifically concludes that Lilly's request for entry of judgment is not premature and rejects Glenmark's proposed final judgment order because it is not *in accordance with* the judgment in *Teva*.  An entry of final judgment in accordance with Lilly's proposed text will follow in a separate order.

**SO ORDERED.**

Date: 8/11/2017

_Tanya Walton Pratt_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jan M. Carroll
BARNES & THORNBURG LLP (Indianapolis)
jan.carroll@btlaw.com

Joel L. Dion
BLANK ROME LLP
dion-j@blankrome.com

Phillip J. Fowler
SMITH AMUNDSEN, LLC (Indianapolis)
PFowler@salawus.com

Alfred Zaher
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208

Jay P. Lesser
The Chrysler Building
405 Lexington Avenue
New York, NY 10774-0208

Adam L. Perlman
WILLIAMS & CONNOLLY LLP
aperlman@wc.com

Bruce Roger Genderson
WILLIAMS & CONNOLLY LLP
bgenderson@wc.com

David M. Krinsky
WILLIAMS & CONNOLLY, LLP
dkrinsky@wc.com